# TOLEDO COMPUTING SCALE COMPANY *v.* MILLER.*

### PROCESS; FOREIGN CORPORATIONS; PRINCIPAL AND AGENT.

1. A foreign corporation engaged in the manufacture and sale of scales, is transacting business in this District, and service of process upon it is sufficient within the meaning of sec. 1537, D. C. Code [31 Stat. at L. 1419, chap. 854], as amended by the Act of Congress of February 1, 1907 (34 Stat. at L. 874, chap. 445), where the agent served here is its sales agent charged with the duty of representing it in matters growing out of sales and of negotiating contracts of sale partly to be performed here, although he has no power to make a binding contract on behalf of the company. (Citing *Ferguson Contracting Co.* v. *Coal & C. R. Co.* 33 App. D. C. 159.)

2. *Quære,*—whether a single transaction made in this District by the representative of a foreign manufacturing corporation will constitute the "doing of business" in this District by such corporation, within the meaning of sec. 1537, D. C. Code, relating to the service of process upon foreign corporations.

No. 2367. Submitted January 3, 1912. Decided February 5, 1912.

HEARING on an appeal by the defendant from an order of the Supreme Court of the District of Columbia, overruling a motion to quash the service of process, in an action for breach of warranty. *Affirmed.*

The COURT in the opinion stated the facts as follows:

This is an appeal from an order in the supreme court of the District, overruling appellant's motion to quash the service of process. The suit was for alleged false warranty and misrepresentation in the sale of a computing scale to appellee, George T. Miller.

---

*Foreign Corporations.*—The question whether or not a single or isolated transaction by a foreign corporation will constitute "doing business" within the State is treated in notes to *Cone Export & Commission Co.* v. *Poole,* 24 L.R.A. 295; and *A. Booth & Co.* v. *Weigand,* 10 L.R.A.(N.S.) 693.

The single question presented is whether the appellant, the Toledo Computing Scale Company, a Corporation, upon the date of the service of process, was transacting business in the District of Columbia, within the meaning of sec. 1537 of the Code [31 Stat. at L. 1419, chap. 854), as amended by the act of February 1st, 1907 (34 Stat. at L. 874, chap. 445). The first paragraph of that section provides for the service of process upon foreign corporations "doing business in the District." The second paragraph of the section provides the manner of service "when a foreign corporation shall *transact business* in the District, without having any place of business or resident agent therein." In such a situation, "service upon any officer or agent or employee of such corporation in the District shall be effectual as to suits growing out of contracts entered into or to be performed in whole or in part in the District of Columbia, or growing out of any tort heretofore committed in the said District."

We will now allude to the facts: From the affidavits filed by the appellant, it appears that it is a New Jersey corporation, in the sense that it was there incorporated, but that its executive offices and factory are at Toledo, Ohio, where all its business is directed and managed. In these affidavits it is stated that E. P. Glor, upon whom service of process was made, was at the time of such service a solicitor or selling agent only; that he was not paid a salary, and that all his expenses, including office expenses, were paid by him; that he had no authority to make binding contracts; and that all orders were first submitted to the company at its home office for acceptance.

Appellee, in the affidavit which he filed, disclosed the following: The office occupied by the person upon whom service was made had the words "Toledo Computing Scale Company" printed in large letters upon its window, the name of the agent not appearing. The only personal property in the office consisted of a number of scales of the kind sold by the appellant corporation. On the 22d of December, 1910, appellee purchased of appellant, through its agent here, one computing scale. Appellant's agent personally delivered this scale upon

the day mentioned, the contract, it is alleged, being entered into and performed in its entirety in the District. Appellee received in due course from appellant a statement of account, which is attached to the affidavit as an exhibit. From this statement it appears that the scale was delivered upon the day claimed. Appellee introduced a letter from appellant, dated at Toledo, December 30, 1910, and received here. In this letter the receipt of appellee's "order through our Mr. A. A. Swenson (who then represented appellant), for one No. 61 Dayton scale delivered and accepted on the following conditions," was acknowledged. This scale, as above noted, had already been delivered, and the first payment made thereon when this letter was written. A letter, dated May 17, 1911, from the appellant to the appellee, was also made a part of the affidavit. In that letter, reference is made "to the scale which you (appellee) *purchased from our representative.*" From a circular purporting to have been put out by appellant, and which appellee attached to his affidavit, A. A. Swenson was alluded to as "sales agent."

It further appeared from appellee's affidavit that he was sued in the municipal court by the appellant for balance of the purchase price of said scale; that his defense was that the scale was defective, and that he had been arrested and fined because of that defect. The plaintiff took a nonsuit. In the statement filed by the plaintiff in that suit, and sworn to by the treasurer of the scale company, who made an affidavit in its behalf in this proceeding, there appears under the name of appellee, at the beginning of the statement, the name "A. A. Swenson, Agt."

In a supplemental affidavit by said Swenson, filed in behalf of the appellant, it is stated that appellee "declined to sign a contract or to pay any part of the purchase money until the scale was delivered to him. The affiant thereupon sent to the company at Toledo, Ohio, and had sent to him (affiant) on consignment a Dayton rebuilt scale," which affiant delivered to appellee, "who thereupon signed the contract," which affiant then forwarded to the company for approval.

*Mr. H. Winship Wheatley* for the appellant.

*Mr. Edward L. Gies* for the appellee.

Mr. Justice ROBB delivered the opinion of the Court:

The purpose of the second paragraph of sec. 1537 of the Code [31 Stat. at L. 1419, chap. 854], to which reference has been made, was obviously for the protection of residents of this District, and to enable the courts of this jurisdiction to pass upon questions "growing out of contracts entered into or to be performed, in whole or in part," here; in other words, Congress intended that if a foreign corporation should transact business here, it should be subject, as to that business, to the jurisdiction of the local courts, and not require the other parties to its contracts to go to Ohio or New Jersey for redress. The intent of Congress being plain, we should not permit that intent to be frustrated by indirectness. We therefore should regard the substance, and not be too much controlled by the form, of the things done. It is reasonable and fair that if a foreign corporation is permitted to transact business with the residents of this District, it shall be subject to the jurisdiction of the courts of the District in the determination of controversies growing out of that business, whenever, in the langauge of the statute, it has "any officer or agent or employee" here.

Appellant relies upon *Green* v. *Chicago, B. & Q. R. Co.* 205 U. S. 530, 51 L. ed. 916, 27 Sup. Ct. Rep. 595. In that case the defendant was an Iowa corporation, and the eastern terminus of its railroad was at Chicago. Its business was the carriage of freight and passengers. As incidental and collateral to that business, it employed an agent and maintained an office for him at Philadelphia. This agent solicited and procured passengers and freight to be transported over the defendant's line, but he sold no tickets and received no payments for transportation of freight. It was held that in substance the business shown to have been done by this agent was "nothing more than that of solicitation," which did not "constitute 'doing business' in the sense that liability to service is incurred." The difference between that case and the present is apparent. See

*Ferguson Contracting Co.* v. *Coal & C. R. Co.* 33 App. D. C. 159. Here the business solicited by the local agent of the defendant was not incidental and collateral, but had direct relation to the general business of the company, which was to sell scales it had manufactured. This distinction is apparent in the other cases cited by appellant. Thus in *Boardman* v. *S. S. McClure Co.* 123 Fed. 614, it was held that a New York publishing corporation, whose only business within the State of Minnesota, where the service was made, was to circulate its periodicals by mail, and to send employees into the State for the purpose of soliciting advertising, was not doing business within the latter State. The court suggested that it would be necessary to make service upon some agent who was transacting some reasonable portion of the business of the corporation within the State. In that case, it will be observed, the statute differed from ours.

The appellant was engaged in the manufacture and sale of scales, the one feature being as important as the other. For the purpose of reaching residents of this District, it authorized the person upon whom service was made to represent it here. Grant that he had no power to make a binding contract on behalf of his principal, he did have authority to negotiate a tentative contract, and, upon the acceptance of that contract, the goods were sent here. Its local representative, as is apparent from the circumstances detailed, looked after its local interests; in other words, he was its "sales agent," and was charged with the duty of representing it in matters growing out of those sales. He was much more than a mere solicitor, and the contracts which he negotiated were in part to be performed here.

Sec. 1537, as previously pointed out, is in two paragraphs. The first paragraph relates to service upon foreign corporations *"doing business"* in the District. The second prescribes the method of service *"when a foreign corporation shall transact business"* here without having any place of business or resident agent in the District. That Congress had some purpose in mind in the enactment of the second paragraph must be assumed. What was that purpose? As originally enacted, the paragraph did not contain the word "employee." That was

added by the act of 1907 [34 Stat. at L. 874, chap. 445], and furnishes further evidence of the intent of Congress to circumvent efforts on the part of foreign corporations to evade local responsibility growing out of contracts entered into, or to be in whole or in part performed here. It is not necessary in the present case to determine whether a single transaction comes within the purview of this paragraph, for the reason that the record shows a well-defined policy and practice by appellant in respect to sales of its commodity here. Its representatives, as above suggested, were much more than mere solicitors whose responsibility ended when they brought appellant and prospective purchasers together. They not only negotiated sales, but, we are convinced, looked after deliveries, collections, and complaints. Looking to the substance of the particular transaction under investigation, we are fully satisfied that the person upon whom service was made was an agent of appellant within the meaning of this paragraph of sec. 1537.

The judgment is therefore affirmed with costs.    *Affirmed.*